**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
FragranceNet.com, Inc.,

                        Plaintiff,

        - against -

FrangranceX.com, Inc.,

                        Defendant.
------------------------------------------------------------X

**ORDER**

CV 06-2225 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

In this copyright infringement action, Defendant FragranceX.com, Inc. moves for reconsideration of the Court's March 25, 2009 Civil Conference Minute Order [DE 77], purportedly pursuant to Local Civil Rule 6.3. *See* DE 81. Plaintiff opposes the motion and asks for further relief. *See* DE 82. Initially, the Court notes that Defendant has not complied with Local Civil Rule 6.3, which provides as follows:

> A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.
>
> There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

The submission by the Defendant is not in compliance with these provisions. A motion for reconsideration is within the sound discretion of the district court. *See Metro. Opera Assoc.*

*v. Local 100*, No. 00-CV-3613, 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004); *Bueno v. Gill*, 237 F. Supp. 2d 447, 449 (S.D.N.Y. 2002). In the Second Circuit, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bell Sports, Inc. v. Sys. Software Assocs., Inc.*, 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999).

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Ortiz v. City of New York*, No. 04 Civ. 1285, 2006 WL 1876674, at *1 (S.D.N.Y. July 6, 2006) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). A party moving for reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Civil Rule 6.3] to advance new facts and theories in response to the court's rulings." *Nelson v. Beechwood Org.*, No. 03 Civ. 4441, 2006 WL 488670, at *1 (S.D.N.Y. Feb. 23, 2006) (alteration in the original).

Rather than reject the instant motion outright based on its failure to comply with Local Rule 6.3, in light of the impending mediation session, I am exercising my discretion and will address the merits of the motion. In doing so, the Court finds it somewhat unusual that William Wachtel, Esq., the attorney who attended and presented the arguments on behalf of Defendant during the March 25, 2009 Status Conference, is not the attorney who filed this motion. In fact, this motion was not filed by the law firm of Wachtel & Masyr, LLP, but instead by Donald Morris, Esq., of Dozier Internet Law, P.C., who was not present during the March 25

proceedings. Along with Cameron Gilbert, Esq., Attorney Morris filed a Notice of Appearance on behalf of the Defendant subsequent to the March 25 Status Conference.

On behalf of the Defendant corporation, counsel from Dozier Internet Law asserts that (1) "there was no meeting of the minds regarding the parties' purported Stipulations" on the record during the March 25, 2009 Status Conference; (2) "there was no full meeting of the minds among counsel" and the Civil Conference Minute Order "reflects a fundamental misunderstanding among the counsel who 'negotiated' the purported agreement that is contrary to what our client actually sought . . . ."; and (3) "the Order reflects the parties' mutual mistake of fact" in that "[b]oth parties' counsel led the Court to conclude that obtaining the evidence necessary to support Plaintiff's case regarding the use of images on FrangranceX's website would require a 'Herculean' task" [DE 81].[1] In opposing the motion, Plaintiff's counsel maintains that (1) "there was a clear meeting of the minds regarding the Court-ordered stipulation" because the ruling was directed specifically to the photographs/images uploaded; (2) there was "full agreement between counsel" regarding the content of the stipulation; and (3) there "was no mutual mistake of fact," that Defendant's statement misrepresents the parties meet-and-confer, and that Plaintiff's counsel did not "threaten" a spoliation motion if Defendant pursued the instant motion [DE 82].

It is worth noting that the Court had the opportunity to access and listen to the digital audio recording of the March 25, 2009 Status Conference prior to issuing the March 25, 2009 Civil Conference Minute Order, particularly in view of the duration of the conference and the

---

[1] The Court brings to Defendant's attention that its motion was submitted in a font size which violates the rules for papers submitted within the Second Circuit. Any future submission which does not comply with the appropriate type size will be rejected.

multiple issues which were discussed.  In reality, I find that rather than a typical motion for reconsideration brought under Local Civil Rule 6.3, or a request by Attorney Wachtel to correct an error in the record, this motion is an attempt to re-fashion what occurred at the March 25 conference.   There also appears to be a misperception on the part of Dozier Internet Law, P.C. about what the Stipulation entered into on March 25 actually encompasses.

The Stipulation at issue was entered into by the parties in the context of discussions focusing on the parties' reporting back to the Court on the results of the Rule 30(b)(6) deposition which was arranged to assist the parties in understanding how the specific images at issue came to appear on the web site, were utilized, and were taken down from the web site.   This was done to gain some additional, material information going to the issue of whether and how a litigation hold was promulgated and whether there was a factual basis for Plaintiff's anticipated argument that spoliation of evidence regarding those images had occurred in the process.   The parameters of Plaintiff's argument with regard to spoliation involved the images from the web site.  The previous discussion with the Court as well as the one which occurred on March 25 were directed to that issue.  Far from defense counsel's current characterization after the fact, the parties' intent regarding the scope of the Stipulation was clear to counsel and to the Court, and is so reflected in the transcript of the record from the Conference.  Nor has the Court been provided with any statement from Attorney Wachtel that the March 25 Civil Conference Minute Order does not accurately reflect his intent and understanding in entering into the Stipulation.

Defendant further states that the Order should be withdrawn "because it reflects a fundamental misunderstanding among the counsel who 'negotiated' the purported agreement that is contrary to what our client actually sought."   There was no misunderstanding with regard to

what the parties agreed to concerning the discovery demands served on Defendant for the images appearing on Defendant's web site and which led to the formulation of the Stipulation on this topic at the March 25 Conference. The record speaks for itself. Moreover, the Court did not prepare the Stipulation into which the parties entered. At no time on March 25 did Attorney Wachtel give any indication that there was a disagreement regarding language or content – nor has Attorney Wachtel provided a statement or affirmation to that effect since March 25. It is not up to the Court to intervene in matters involving counsel and "what a client sought." Nor is it the Court's responsibility to deal with a client's apparent dissatisfaction with action taken by its counsel. The litigation strategy pursued by Defendant's counsel here will not be second guessed by the Court. The conduct of an attorney is imputed to his client. Allowing a party to avoid the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation in which each party is deemed bound by the acts of his lawyer-agent. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962) (complaint dismissed for failure to prosecute); *SEC v. McNulty,* 137 F.3d 732, 739 (2d Cir.1998); *see also Kurzberg v. Ashcroft,* No. 04 CV 3950 (JG), 2006 WL 2738991 (E.D.N.Y. Sept. 25, 2006) ("In our adversary system, however, 'civil litigants are bound by the acts and omissions of their freely selected counsel'") (quoting *Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 271 (2d Cir. 1999)); *Saren v. Palma,* 693 N.Y.S.2d 207 (App.Div. 1999) ("It is well settled that in the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained.").

Defendant's counsel goes on to state that "both parties' counsel *led the Court to conclude* that obtaining the evidence necessary to support Plaintiff's case regarding the use of images on FrangranceX's website would require a 'Herculean' task" [DE 81 at p. 2] (emphasis supplied). Actually, this was not a "conclusion" drawn by the Court; rather, Defendant's counsel in his own words represented that, based upon what was learned at the Rule 30(b)(6) deposition, it would be a "herculean task" to try to reconstruct when an image went up on the web site for the first time, what impact the "override" practice had on that process, and when an item was or was not being used on the web site or was taken down. *See* Transcript of the March 25, 2009 Status Conference, at 5 - 6. As a result, both counsel agreed that the period of alleged copyright infringement would be defined as covering the period from the date the instant lawsuit was filed, running back the shorter of three (3) years or the date Plaintiff first published its images on its web site and going forward until the time that Defendant can establish that those images were no longer on the Defendant's web site. That is the agreement embodied in the Stipulation. In exchange for that agreement, Plaintiff agreed to forego its planned spoliation motion regarding the issues involved in Defendant's failure to produce specifically requested discovery regarding the images. Defendant did not concede that any infringement had occurred.

Likewise, nothing in the Stipulation precluded counsel for either side from addressing the separate topic of Defendant's gross revenues and the sufficiency of the back-up documentation to establish Defendant's expenses. This information was also requested by Plaintiff in discovery and the record is clear as to how the parties have dealt with Defendant's responses and the Court's directives on this issue. Even though the merits of this litigation are not yet ripe for adjudication, it is logical to assume that Defendant would be relying upon this data to reduce its

gross revenue number down to net profit as the parties are working on disclosures related to alleged damages in this case. This matter was never part of the Stipulation proffered at the Conference, nor is Plaintiff precluded from engaging in motion practice on this topic if Plaintiff in good faith has a basis to proceed with such action. From this perspective, the Court finds the attempts by Defendant's counsel to approach the March 25 proceeding through some type of "totality of the circumstances" rationale to be unavailing.

For the foregoing reasons, the motion by Dozier Internet Law, P.C. on behalf of Defendant seeking to have the Court reconsider and withdraw its March Order [DE 77] is DENIED. The Stipulation entered on the record by counsel on March 25, 2009 is binding and remains in effect.

Further, based on the Court's reading of the docket sheet, it appears that Defendant is currently represented by the law firms of Wachtel & Masyr, LLP, Dozier Internet Law, P.C. and Noah Shube, Esq. Defendant is entitled to counsel of its own choosing and to as many attorneys as it may desire. However, in communicating with the Court, counsel for the Defendant is expected to speak with one voice. Therefore, all future submissions to the Court and communications with the Court on behalf of Defendant are to be filed/submitted through one law firm, representing the client as well as all counsel working on this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 18, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge