Dozier Internet Law, P.C.
11520 Nuckols Road
Suite 101
Glen Allen, VA 23059
Phone: (804) 346-9770
Fax: (804) 346-0800
www.cybertriallawyer.com

# Dozier Internet Law, P.C.

August 11, 2009

**VIA ECF**

Hon. Joseph F. Bianco
United States District Court Judge
United States District Court, Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, NY 11722-9014

Re:   *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, No. CV-06-2225 (JFB) (AKT) – Letter Requesting Pre-Motion Conference

Dear Judge Bianco:

Our firm represents Defendant FragranceX.com, Inc. ("FragranceX") in this matter and respectfully submits this letter to request a pre-motion conference for its anticipated motion to dismiss FragranceNet.com, Inc.'s ("FragranceNet") Third Amended Complaint (the "Complaint") pursuant to Fed.R.Civ.Pro. Rules 12(b)(6) and 12(c). A copy of the Complaint (without exhibits) is annexed hereto as **Exhibit "A"**. As one of its exhibits to its Complaint, Plaintiff attaches fifty "representative examples" of a comparison between FragranceNet's images and images allegedly on FragranceX's website. For the Court's convenience, FragranceX attaches this exhibit here as **Exhibit "B"**.

Initially, it should be noted that the Complaint served by FragranceNet is different than the Proposed Third Amended Complaint it attached to its Motion to Amend. More specifically, in paragraphs 22, 55, 64, and 83 of the Complaint, FragranceNet added the term "fragrance net" as a term that FragranceX allegedly placed in www.fragrancex.com's metatags and purchased for its Google Adwords advertising campaign. *See,* **Exhibit "A"**, ¶¶22, 55, 64, and 83.

FragranceNet's Complaint alleges ten causes of action, all of which are based on FragranceX's alleged copyright and/or trademark infringement. With respect to FragranceX's alleged copyright infringement, FragranceNet alleges that "Defendant copied more than nine hundred (900) copyrighted Images from FragranceNet's Web site and posted them on the Web site of its competing on-line fragrance store,

www.fragrancex.com." See **Exhibit "A"**, ¶16. The 900 images are hereinafter referred to as the "Subject Images."

FragranceX will seek to move to dismiss FragranceNet's copyright claims pursuant to Fed.R.Civ.Pro. Rule 12(c) because, as a matter of law, the Subject Images do not possesses the requisite originality to be copyrightable. In order to establish a claim for copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) copying of protectable elements of plaintiff's work. See *Knitwaves Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir 1995). In order for an image to be protectable, it must contain "creative or expressive elements." *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F.Supp.2d 542 (S.D.N.Y. 2001). In *Oriental Art Printing*, the Court held that images of Chinese food were not copyrightable because "[t]he photographs lack any artistic quality". *Oriental Art Printing*, 175 F.Supp.2d at 546. Here, the Subject Images are generic photographs of perfume and cologne containers. These images contain no "creative or expressive elements" and "lack any artistic quality" and are thus not protectable. As such, it is respectfully submitted that this is an appropriate basis for granting dismissal under Fed.R.Civ.Pro. Rule 12(c).

Likewise, FragranceX will also seek to move to dismiss FragranceNet's copyright claims pursuant to Fed.R.Civ.Pro. Rule 12(c) because the Subject Images are nothing but photographs of a third-party's intellectual property, *e.g.*, box design, logo, product design, etc. without any additional creative elements that would make it original. In order to maintain a copyright for a photograph of someone else's intellectual property, such photographs must "contain some substantial, not merely trivial originality". *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2d Cir 1976) citing *Chamberlin v. Uris Sales Corp.*, 150 F.2d 512 (2d Cir 1945). Here, the Subject Images contain only the product packaging and bottles created by third parties. If these photographic subjects are removed, there is nothing original created by the Plaintiff. Thus, the Subject Images are not protectable and Plaintiff's claims for copyright infringement should be dismissed pursuant to Fed.R.Civ.Pro. Rule 12(c).

With respect to FragranceX's alleged trademark infringement, Plaintiff alleges in its Complaint that (1) FragranceX inserted FragranceNet's trademarks "fragrancenet" and "fragrancenet.com" into www.fragrancex.com's metatags so that fragrancex.com would appear in Internet search engine search results when a prospective customer searched for "fragrancenet" or "fragrancenet.com" and (2) FragranceX purchased FragranceNet's trademarks through Google's AdWords Program, so that when a user searched for FragranceNet's mark in an Internet search engine, FragranceX's website would appear as a "Sponsored Link". See **Exhibit "A"**, ¶¶21-30. FragranceX, however, does not acknowledge or concede that "fragrancenet" and "fragrancenet.com" are valid and enforceable trademarks.

FragranceX will seek to dismiss FragranceNet's trademark claims because (1) Plaintiff, FragranceNet, did not own, was not an assignee and was not the exclusive licensee of the "fragrancenet" or "fragrancenet.com" trademarks during the period of the alleged infringing actions by FragranceX and (2) Telescents, Inc., a subsidiary of FragranceNet, ("Telescents") assigned the "fragrancenet" and "fragrancenet.com" trademarks and "the right to commence an action for past or future infringements" to

*August 11, 2009*
*Page 3*

FragranceNet just one day before FragranceNet moved to amend its complaint to add the trademark claims in violation of N.Y. Judiciary Law §489, which prohibits champertous assignments.

First, FragranceNet was not the assignee, the exclusive licensee or the owner of the "fragrancenet" and "fragrancenet.com" trademarks during the period of FragranceX's alleged infringement and thus has no actionable claim on them. In order to prevail on a claim for trademark infringement or false designation of origin, a plaintiff must establish that it has enforceable rights to a valid trademark. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006) and *Century 21 Real Estate, LLC, v. Raritan Bay Realty, Ltd.*, 2008 WL 4190955 (E.D.N.Y. 2008). Here, Telescents and not FragranceNet, registered "fragrancenet" and "fragrancenet.com" on November 20, 2007 and Telescents did not assign "fragrancenet" and "fragrancenet.com" to FragranceNet prior to May 2009. A copy of Telescents' trademark registration is annexed hereto as **Exhibit "C"**. Furthermore, as part of the trademark registration process, Mr. Apfel, the CEO of Telescents, filed a declaration with the USPTO in support of Telescent's application, in which he swore, among other things, that the marks "fragrancenet" and "fragrancenet.com" belonged to Telescents and that Telescents had spent more than $10 million to promote them. A copy of Mr. Apfel's declaration sworn to on June 12, 2007 is annexed hereto as **Exhibit "D"**. Thus, because FragranceNet was not the owner, assignee or exclusive licensee of a valid trademark, it cannot maintain this action.

Second, on May 28, 2009, one day prior to moving to add the trademark claims to the Complaint, Telescents assigned the marks "fragrancenet" and "fragrancenet.com" and "the right to commence an action for past or future infringements". A copy of this assignment is annexed hereto as **Exhibit "E"**. This assignment, which was made for the purpose of allowing FragranceNet to maintain the trademark claims set forth in the Complaint, was champertous and in violation of New York Judiciary Law §489. Thus, the assignment was void and does not permit FragranceNet to maintain the instant suit. *See e.g., Refac Intern., Ltd. v. Lotus Development Corp.*, 131 F.R.D. 56, 58 (S.D.N.Y. 1990).

As such, for the reasons stated above, FragranceX requests a pre-motion conference for its anticipated motion to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.Pro. Rule 12(b)(6) and 12(c).

Sincerely,

*[signature]*
Donald E. Morris, Esq.
*Attorney for Defendant FragranceX*

Attachments

cc:   Counsel for Plaintiff via ECF