John W. Dozier, Jr. (Admitted *pro hac vice*)
Eric S. Crusius (EC 9735)
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, VA 23059
Telephone: (804) 346-9770

*Attorneys for Defendant FragranceX.com, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

FragranceNet.com, Inc.,

                Plaintiff,

v().    CV 06 2225 (JFB) (AKT)

FragranceX.com, Inc.,

                Defendant.
-----------------------------------------------------------X


**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF FRAGRANCEX.COM, INC.'S MOTION FOR A JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. RULES 12(B)(6) AND 12(C)**

## TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF AUTHORITIES**……………………………………………….... | ii |
| **PRELIMINARY STATEMENT**…………………………………………………… | 1 |
| **ARGUMENT**……………………………………………………………….. | 3 |
| POINT I | |
| FRAGRANCENET'S COPYRIGHT CLAIMS MUST BE DISMISSED BECAUSE THE SUBJECT IMAGES ARE NOT ENTITLED TO COPYRIGHT PROTECTION…………. | 3 |
| POINT II | |
| FRAGRANCENET DOES NOT HAVE ANY ENFORCEABLE RIGHTS TO THE "FRAGRANCENET" AND "Fragrancenet.com" TRADEMARKS………………  | 7 |
| **CONCLUSION**……………………………………………………………… | 10 |

**TABLE OF AUTHORITIES**

<u>CASE LAW</u>

*Abreu v. City of New York*,
    --- F.Supp.2d ---, 2009 WL 3073917 (E.D.N.Y. 2009)………………………… 3

*ATC Distr. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
    402 F.3d 700, 712 (6th Cir 2005)…………………………………………….. 5

*Carol Barnhart Inc. v. Economy Cover Corp.*,
    773 F.2d 411 (2d Cir 1985)…………………………………………………….. 5

*Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.*,
    2008 WL 4190955 (E.D.N.Y. 2008)…………………………………………… 7

*Coggins v. County of Nassau*,
    2008 WL 2522501 (E.D.N.Y. 2008, J. Bianco)……………………………... 4

*Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*,
    535 F.Supp.2d 542 (E.D.N.C. 2008)…………………………………………….. 5

*Durham Industries, Inc. v. Tomy Corp.*,
    630 F.2d 905, 909 (2nd Cir 1980)…………………………………………….. 6-7

*Hertz Corporation, Inc. v. Knickerbocker*,
    206 F.Supp. 305 (S.D.N.Y. 1962)…………………………………………….. 8

*Knitwaves Inc. v. Lollytogs Ltd. (Inc.)*,
    71 F.3d 996, 1002 (2d Cir 1995)……………………………………………….. 4

*L. Batlin & Son, Inc. v. Snyder*,
    536 F.2d 486 (2d Cir 1976)……………………………………………………. 7

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
    454 F.3d 108, 114 (2d Cir. 2006)……………………………………………… 7, 9

*Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*,
    528 F.3d 1258 (10th Cir 2008)………………………………………………… 5

*Oriental Art Printing, Inc. v. Goldstar Printing Corp.*,
    175 F.Supp.2d 542 (S.D.N.Y. 2001)…………………………………………... 4-5

*Sprung v. Jaffe*,
    3 N.Y.2d 539, 147 N.E.2d 6, 169 N.Y.S.2d 456 (1957)……………………… 9

*Strauss v. Hearst Corp.*,
      1988 WL 18932, at *5 (S.D.N.Y. Feb. 19, 1988)……………………………. 6

*Woods v. Bourne Co.*,
      60 F.3d 978 (2nd Cir 1995)……………………………………………………. 7

<u>STATUTES</u>

Fed.R.Civ.P. Rule 12………………………………………………………………….. *passim*

17 U.S.C. §410(c)……………………………………………………………………. 6

New York Judiciary Law §489………………………………………………………….. 9

John W. Dozier, Jr. (Admitted *pro hac vice*)
Eric S. Crusius (EC 9735)
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, VA 23059
Telephone: (804) 346-9770

*Attorneys for Defendant FragranceX.com, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

FragranceNet.com, Inc.,

                Plaintiff,

v.                                                                              CV 06 2225 (JFB) (AKT)

FragranceX.com, Inc.,

                Defendant.
-----------------------------------------------------------X

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF FRAGRANCEX.COM, INC.'S MOTION FOR A JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. RULES 12(B)(6) AND 12(C)**

      Defendant FragranceX respectfully submits this Reply Memorandum of Points and Authorities in further support of its Motion seeking a Judgment on the Pleadings pursuant to Fed.R.Civ.P. Rules 12(b)(6) and 12(c).[1]

**PRELIMINARY STATEMENT**

      FragranceX filed its Motion seeking to dismiss FragranceNet's Third Amended Complaint on September 21, 2009. In the Motion, FragranceX sought an order dismissing FragranceNet's copyright claims pursuant to Fed.R.Civ.P. Rule 12 because:

        A.    the Subject Images do not possess the requisite originality to be copyrightable as a matter of law; and

---

[1] All terms defined in Defendant's Memorandum of Points and Authorities dated September 21, 2009 are defined herein as well.

      B.    the Subject Images are nothing but photographs of a third-party's intellectual property, *e.g.*, box design, logo, product design, etc., without any additional creative elements that would make it original and are thus not copyrightable as a matter of law.

As will be detailed in Point I, *infra*, FragranceNet responded to the Motion, but instead of addressing the indisputable fact that the images at issue lack the requisite originality or creative elements to be copyrightable as a matter of law, FragranceNet (1) misstated the procedural posture of the case, (2) submitted extraneous information to the Court not properly considered as part of a Rule 12 Motion, and (3) failed to distinguish cases cited by FragranceX addressing this very issue.[2]

FragranceX also seeks to dismiss FragranceNet's trademark claims in its Third Amended Complaint because:

      A.    FragranceNet (a) did not use and (b) did not own and was not an assignee and was not the exclusive licensee of the "fragrancenet" or "fragrancenet.com" trademarks during the period of the alleged infringing actions by FragranceX; and

      B.    Telescents, Inc. ("Telescents") assigned "the right to commence an action for past or future infringements" with respect to the "fragrancenet" and "fragrancenet.com" trademarks to FragranceNet <u>just one day</u> before FragranceNet moved to amend its Complaint to add the trademark claims in violation of N.Y. Judiciary Law §489, which prohibits champertous assignments.

As will be detailed in Point II, *infra*, in response to FragranceX's Motion, FragranceNet failed to address the central issue raised in the Motion that according to submissions to the USPTO, FragranceNet never used the alleged marks at issue (which squarely contradicted its filings and declarations to this Court). In fact, Telescents averred to the USPTO that it used the alleged marks at issue. Should this be true, Plaintiff would be foreclosed from maintaining its statutory trademark claims here as well

---

[2] FragranceNet also alleges that FragranceX's citation to Rule 12(c) is inapplicable with respect to the copyright claims. However, citation to that rule was appropriate as FragranceX had previously answered those allegations (and some discovery has been conducted with respect to them). To the extent appropriate, FragranceX also relies on Rule 12(b)(6) in support of its Motion to dismiss FragranceNet's copyright claims.

as its common law trademark claims because Plaintiff never used the alleged marks. However, if Plaintiff maintains that the declarations submitted to this Court were accurate (making the submissions to the USPTO by Telescents inaccurate), then Telescents never had a right to register (or assign) the alleged trademarks at issue because it never used them in commerce.[3]

## ARGUMENT

## DISMISSAL OF THE THIRD AMENDED COMPLAINT IS WARRANTED

As will be demonstrated, *infra*, dismissal of FragranceNet's Third Amended Complaint is warranted. It is well settled that a complaint must raise more "than a sheer possibility that a defendant has acted unlawfully." *See Abreu v. City of New York*, --- F.Supp.2d ---, 2009 WL 3073917 (E.D.N.Y. 2009). Here, as demonstrated in FragranceX's moving papers and in this Reply Memorandum of Points and Authorities, FragranceNet's Complaint raises nothing more than a "sheer possibility" that FragranceX acted unlawfully and thus, must be dismissed.

## POINT I

### FRAGRANCENET'S COPYRIGHT CLAIMS MUST BE DISMISSED BECAUSE THE SUBJECT IMAGES ARE NOT ENTITLED TO COPYRIGHT PROTECTION

FragranceNet's claims sounding in copyright must be dismissed because (1) the Subject Images do not possess the requisite originality to be copyrightable as a matter of law and (2) the Subject Images are nothing but photographs of a third-party's intellectual property, *e.g.*, box design, logo, product design, etc. without any additional creative elements that would make it original and thus, copyrightable.

---

[3] As stated in FragranceX's moving brief, there is a serious question as to whether "fragrancenet" and "fragrancenet.com" are terms capable of being trademarked because "fragrancenet" is nothing more than a generic term with a TLD extender and "fragrancenet.com" is nothing more than a generic term with two TLD extenders. While this issue will not be addressed in this Motion, FragranceX reserves its right to seek to invalidate the "fragrancenet" or "fragrancenet.com" trademarks in this litigation or a different forum at a later date.

In response to FragranceX's Rule 12 Motion, Plaintiff attempts to submit extraneous materials not properly considered in a Rule 12 Motion.[4] *See Coggins v. County of Nassau*, 2008 WL 2522501 (E.D.N.Y. 2008, J. Bianco).[5] The purpose of the materials submitted, which consisted of a Declaration (with Exhibits) from FragranceNet's Vice President of Operations, who also pulled double duty by taking photographs for the FragranceNet website, was to describe the process by which the photographs of the fragrances were taken. However, even assuming *arguendo*, that the Court could consider this extraneous submission, it misses the point. The relevant query at this stage is not the process by which the images or photographs were taken, but the end result of that process. Here, the end result was thousands of images of third-party fragrances each with nearly identical placement (the bottle on the left and the box on the right) and an identical plain white background.

First, the Subject Images do not possess the requisite "creative or expressive elements" to be copyrightable as a matter of law. In order to establish a claim for copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) copying of protectable elements of plaintiff's work. *See Knitwaves Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1002 (2d Cir 1995). In order for an image to be protectable, it must contain "creative or expressive elements." *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F.Supp.2d 542 (S.D.N.Y. 2001). In *Oriental Art Printing, Inc.*, the Court held that images of Chinese food on decorative Chinese plates

---

[4] FragranceNet also misstates the procedural posture of the case, alleging that "fact discovery concerning the copyright infringement claim [was] closed" with "limited exceptions." *See* FragranceNet's Brief, page 2. This is far from the case, as depositions of the parties and experts have not been completed.

[5] FragranceX respectfully requests that all extraneous materials submitted by FragranceNet be stricken and not considered as part of this Motion. Moreover, FragranceX opposes any attempt by Fragrancenet to convert this Rule 12 Motion to a Rule 56 Motion for summary judgment, especially in light of the fact that no depositions have been completed. If this Court is incline to convert this Motion, FragranceX requests an opportunity to submit additional briefing as to whether this motion can properly be converted.

were not protectable as a matter of law because "[t]he photographs lack any artistic quality".

Plaintiff attempts to dismiss *Oriental Art Printing, Inc.* by calling it an "outlier." To do so would be a mistake. Not only do the facts of *Oriental Art Printing* mirror this case (which resulted in dismissal of Plaintiff's complaint at a Rule 12 stage), but it has been cited with approval by other courts including the Eastern District of North Carolina in *Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*, 535 F.Supp.2d 542 (E.D.N.C. 2008). Moreover, as detailed in FragranceX's moving Brief, the Second Circuit and other circuit courts have echoed the holding in *Oriental Art Printing, Inc.* on numerous occasions. *See, e.g. Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d Cir 1985); *ATC Distr. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 712 (6th Cir 2005); *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258 (10th Cir 2008).

If this Court were to adopt FragranceNet's argument that their images are copyrightable, anyone who takes a picture of a fragrance with a white background would be subject to a lawsuit from FragranceNet alleging copyright violations. Should the actual owners of the perfumes be subject to a claim for copyright infringement by FragranceNet if they photographed their own perfumes in the same manner? Moreover, Plaintiff's citation to a line of cases from outside this district that considers the process by which the photographs were taken when considering whether they are copyrightable are all inapplicable. In each of these cases, the plaintiffs had moved beyond the Rule 12 stage, with the respective courts presumably finding that the face of the photographs contained the requisite originality to be copyrightable. Even assuming *arguendo* that these cases were not inapplicable for this very reason, each one contains elements not

5

present here that could arguably make those photographs copyrightable or the Court did not squarely address this issue.[6]

Moreover, in its Opposition Brief, FragranceNet also states cites to 17 U.S.C. 410(c) for the proposition that the certificate of copyright registration is *prima facie* evidence that their copyright is valid.  However, FragranceNet failed to cite to the last line of the statute (or indicate there was a last line with an ellipse), which states that "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."  17 U.S.C. 410(c).  Thus, while a copyright registration *may* allow a Plaintiff to establish *prima facie* that their copyright is valid, it is within the Court's complete discretion to discard that presumption.  Such a presumption would not be proper here where FragranceNet submitted thousands of images to the Copyright Office on CDs which were not probably subject to individual review and which are clearly not protectable.  In any event, "[w]here other evidence in the record casts doubt on the question, validity [of the copyright] will not be assumed."  *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980).

Nothing that FragranceNet can allege about the process by which the Subject Images were taken changes the fact that they are nothing more than the perfume containers it seeks to sell.  Like the photographs of Chinese food in *Oriental Art Printing*, the Subject Images are purely utilitarian and do not contain any "creative or expressive elements."  As such, the Subject Images are not entitled to copyright protection and FragranceNet's copyright claims in the Third Amended Complaint must be dismissed.

Second, FragranceNet's Subject Images are also nothing but photographs of a third-party's intellectual property, *e.g.*, box design, logo, product design, etc. without any

---

[6] For instance, in *Strauss v. Hearts Corp.*, 1988 WL 18932, at *5 (S.D.N.Y. Feb. 19, 1988), the Court did not analyze or describe the photograph(s) at issue to enable a comparative analysis of that case with this one.

additional creative elements that would make it original and are not entitled to copyright protection.

In order to maintain a copyright for a photograph of someone else's intellectual property, such photographs must "contain some substantial, not merely trivial originality." *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2d Cir 1976); *Chamberlin v. Uris Sales Corp.,* 150 F.2d 512 (2d Cir 1945); *Woods v. Bourne Co*., 60 F.3d 978 (2nd Cir 1995); *Durham Industries, Inc. v. Tomy Corp*., 630 F.2d 905, 909 (2nd Cir 1980). Here, the Subject Images, which are merely images of perfume and/or cologne bottles, do not contain "substantial" originality. If one removes the third party's intellectual property (the product) from the image, there is nothing but a white background left.

Thus, the Subject Images are not copyrightable for this independent reason as well.

## POINT II

### FRAGRANCENET DOES NOT HAVE ANY ENFORCEABLE RIGHTS TO THE "FRAGRANCENET" AND "FRAGRANCENET.COM" TRADEMARKS

In order to prevail on a claim for trademark infringement or false designation of origin, a plaintiff must establish that it has enforceable rights to a valid trademark. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc*., 454 F.3d 108, 114 (2d Cir. 2006) and *Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.,* 2008 WL 4190955 (E.D.N.Y. 2008).

FragranceNet finds itself in a pickle. By the admission of its principal, Dennis Apfel, FragranceNet never used the alleged trademarks. More specifically, in filings with the USPTO (which were annexed to FragranceX's moving papers as Exhibit "G"), Telescents (by way of Dennis Apfel) alleged that it solely used the alleged trademarks.

- "The declaration is submitted to set forth the salient facts and demonstrate the enormous visibility and consumer awareness of [Telescents'] trademark FRAGRANCENET used on [Telescents'] Web site for on-line

7

- retail store services in the fields of perfumery, aromatherapy, candles and hair care preparations." *See* **Exhibit "G"**, ¶2.

- "The consuming public…has come to recognize FRAGRANCENET as identifying the source of [Telescents'] retail services." *See* **Exhibit "G"**, ¶14.

- "[Telescents] has spent more than Ten Million ($10,000,000) Dollars in advertising that features, among other things, the subject mark FRAGRANCENET." *See* **Exhibit "G"**, ¶4.

- "In the past year alone [Telescents] produced a 30-second and 60-second television commercial that has aired more than 1,400 times across the country…" *See* **Exhibit "G"**, ¶5.

- Moreover, Mr. Apfel also stated, among other things, that Telescents (1) printed and distributed Sunday newspaper inserts, (2) advertised on "all the major search engines", and (3) has a program with more than 25,000 affiliates that display Telescents' advertising. *See* **Exhibit "G"**, ¶¶6-8.

However, in every filing with this Court since this action was commenced, FragranceNet alleged it has always used and owned the alleged trademarks at issue (even when this was clearly not the case). Thus, either:

1. Telescent's USPTO submissions were false and Telescents never used the "fragrancenet" and "fragrancenet.com" trademarks in commerce and had no right to register them and thus has nothing to assign to FragranceNet; or

2. FragranceNet's filings to this Court were false and Telescents used the "fragrancenet" and "fragrancenet.com" trademarks in commerce during the period FragranceX allegedly violated the trademarks, preventing FragranceNet from maintaining a cause of action based upon those trademarks.

In either scenario, FragranceNet does not have a claim against FragranceX for its purported violation of the alleged trademarks.[7] Under §32(1)(a) of the Lanham Act, the right to sue for a trademark is possessed by the registrant and not a "related company." *See Hertz Corp. v. Knickerbocker*, 206 F.Supp. 305 (S.D.N.Y. 1962). *See also McCarthy on Trademarks,* §16:37 (2007). Should FragranceNet's conflicting filings be believed,

---

[7] Plaintiff's citation to 15 U.S.C. §1055 is inopposite, as that statute merely governs the rights of related companies to use a trademark and does not confer a right of suit by the related companies against others for infringement.

8

the trademarks were registered by an entity that never used the trademarks.  As such, the registration was invalid and FragranceNet's trademark claims must be dismissed.

Similarly, based on Mr. Apfel's own submissions to the USPTO, FragranceNet did not own, was not an assignee and was not an exclusive licensee of the alleged trademarks during the period of FragranceX's alleged infringement.  It is well settled that a prerequisite to bringing suit to enforce a trademark is that the party seeking to enforce the trademark must have a valid interest in the trademark.  *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006).  It is of no moment that there may be a parent/subsidiary relationship between Telescents and FragranceNet (which is not supported by any evidence properly considered in the context of this Rule 12 Motion).  Plaintiff attempts to make an end run around this grave deficiency by citing to a number of cases that seemingly stand for the proposition that when a parent and/or subsidiary owns a trademark, the other can bring suit.  However, all of those cases are inapplicable because they deal with fact patterns not present here; namely that <u>both</u> the parent and subsidiary corporations were parties to the suit and/or there were other preexisting relationships between the companies, such as licensing agreements.

Acknowledging this fatal problem, <u>one day</u> prior to submitting their Second Amended Complaint to the Court, Telescents assigned the right to bring suit on the alleged trademarks to FragranceNet.  The timing of this transaction alone establishes that the primary purpose, if not sole purpose, of this transaction was to file the Second Amended Complaint.  This is an unequivocal violation of N.Y. Judiciary Law §489, which prohibits the assignment of claims for the primary purpose of bringing suit.  *See Sprung v. Jaffe*, 3 N.Y.2d 539, 147 N.E.2d 6, 169 N.Y.S.2d 456 (1957) (when the primary purpose of assignment is to bring suit, assignment is void).  Plaintiff tries to distinguish the instant situation from well settled law by citing to cases for the

9

proposition that the parties must be "strangers" to the lawsuit (which many cases do not require and is not written into the statute). Even assuming, *arguendo*, that this proposition is valid, here Telescents is a "stranger" to the lawsuit, as they are not a party. Moreover, to the extent that FragranceNet has the right to bring a suit based upon this assignment, they did not possess this right prior to the assignment (or else the assignment would not have been necessary). Thus, prior to the assignment, they were a "stranger" to the causes of action against FragranceX as well.

The inescapable conclusion, based upon the timing of the assignment at issue, is that it was, at the very least, primarily made to maintain this action. Thus, it is champertous and invalid and FragranceNet has no standing to maintain this case.

## CONCLUSION

For the reasons stated herein, it is respectfully submitted that Defendant's Motion be granted in its entirety, together with such other and further relief to FragranceX as this Court deems just and proper.

Dated: Glen Allen, VA
November 9, 2009

                                        **Respectfully submitted,**

/s/ John W. Dozier, Jr., Esq.
John W. Dozier, Jr., Esq. (admitted *pro hac vice*)
Dozier Internet Law, P.C.
11520 Nuckols Road / Suite 101
Glen Allen, VA  23059
Tel:     (804) 346-9770
Fax:    (804) 346-0800

*Counsel for Defendant,*
*FragranceX.com, Inc.*