Dozier Internet Law, P.C.
11520 Nuckols Road
Suite 101
Glen Allen, VA 23059
Phone:  (804) 346-9770
Fax:  (804) 346-0800
www.cybertriallawyer.com

# Dozier Internet Law, P.C.

(804) 346-9770
jwd@cybertriallawyer.com

March 29, 2010

<u>VIA ECF</u>

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:      *FragranceNet.com Inc. and Telescents, Inc. v. FragranceX.com, Inc. – CV-06-2225*

Dear Judge Bianco:

As a threshold issue, Defendant addresses the Plaintiffs' suggestion that this Court should hold the attorneys for the Defendant responsible for a "vexatious and unreasonable approach" to this litigation.

New counsel for the Defendant assumed its role in this case at a time when written discovery was practically over, yet almost no written discovery had been propounded by the Defendant to the Plaintiffs over the years that this case has been pending.  The parties had litigated a trademark infringement issue, and substantial time and resources were invested by everyone involved without recognizing that the Plaintiffs were not the owners of the trademark.  The Defendant was faced with a Protective Order that permitted the CEO of its primary competitor access to its trade secrets.  There was a brand new Stipulation that was visited upon the Defendant that was materially disadvantageous to its interests and Defendant was advising its new counsel that it did not understand the content of the Stipulation.  Given the fact that we were already retained prior to this "Stipulation" arising, did not know of its drafting or existence, and were advised that the hearing at which it was submitted to the Court was merely "procedural" and did not require our attendance, this claim seemed reasonably credible and we had absolutely no option but to attempt to set the "Stipulation" aside.

Considering that no material written discovery has been propounded by the Defendant, no depositions taken by the Defendant, and no experts identified by the Defendant, we have endeavored as a law firm to represent the best interests of our client and attempt to create some degree of normalcy and balance in this litigation.  Plaintiffs' counsel refused to ever negotiate or discuss a resolution to the "Attorneys' Eyes Only" Protective Order issue until their response to Defendant's Motion.  Plaintiffs now take the position that written discovery has concluded on the copyright matter and documents are therefore precluded from being produced pursuant to the New York rules for depositions.  This is another issue that will have to be addressed.

Plaintiffs may be upset that Defendant's new counsel caught the Plaintiffs cybersquatting and purchasing pay-per-click key terms.  Since this original lawsuit was filed, Plaintiffs have undertaken a campaign to file one $10,000,000.00 lawsuit after another against Defendant in state court.  These

are new circumstances that have recently arisen and therefore all three of these claims show up for the first time in the lawsuit. It may be disappointing that the Defendant has legal counsel that is aggressively, yet appropriately, representing its client's interests and assuming the proper role within our adversary system of justice.

The Defendant and its new counsel took over a case that had many very serious problems. But trying to fix many of these problems has been particularly challenging because of the Plaintiffs' lack of willingness to even engage in conversation or consider working through issues and solving some of the problems that existed when we took over the case. We are doing everything we possibly can to get this case back on solid footing.

Defendant offers the following in response to Plaintiffs' Rule III(A) letter:

Affirmative Defense III – Failure to Mitigate

Failure to Mitigate is a punitive damages defense. It is likewise a compensatory damages defense to the extent it bears upon damages suffered "as a result of the infringement". We will establish that the Plaintiffs refused to identify the images that were the subject of their claim despite numerous requests. The consequence of that action was to make it virtually impossible to remove from the website the alleged infringing images and therefore the proximate result of the damages, at least over a particular period of time, was not proximately caused by, or the proximate result of, the Defendant's misconduct.

Affirmative Defense VI – Laches

This is a claim for abandonment of the mark and the defense is adequately stated. All that is required to state a claim upon which relief can be granted is a course of conduct on the part of the owner that causes the mark to lose its significance. That being said, the Federal Rules of Civil Procedure do not require that a defense be pled with detailed specifications, but simply provides that "(a) party shall state in short and plain terms his defenses to each claim asserted". Rule 8 (B) Fed.R.Civ.P.

Affirmative Defense VII – Fair Use

This defense relates only to the copyright infringement claim. The images were photographs of third party packaging, and Defendant had the right to fairly use such product images as a retailer of the products depicted in the images. The applicability of fair use as a defense is very "open-ended and context-specific". *Blanch v. Koons, et al.*, 467 F.3d 244, 250-251 (2d Cir. 2006) *citing* 17 U.S.C. § 107.

Affirmative Defense VIII – Statute of Limitations

The statute of limitations defenses are appropriately pled. Statute of limitations defenses that are not pled are waived. The Stipulation as referenced by the Plaintiffs is arguably ambiguous on the point and it is appropriate to maintain these affirmative defenses for, at a minimum, preservation of the defenses for appellate purposes.

Counterclaim VIII – Conspiracy to Injure in Trade, Business and Reputation

It is true that New York does not recognize civil conspiracy as an independent tort. Most states do not recognize civil conspiracy as constituting an independent basis for a cause of action. However, Plaintiffs' counsel has cited to the wrong cause of action. The cause of action in the counterclaim is a conspiracy to injure by tortious misconduct. This is a common law cause of action that has been codified in many states, but not New York. However, this cause of action was recognized at least as

early as 1902 in New York.  *Rourke et al. v. Elk Drug Co. et al.*, 75 A.D. 145, 77 N.Y.S. 373, 375 (N.Y. App. Div. 1902).

Counterclaim IX – Abuse of Process

Defendant lays out the elements required to state a cause of action.  All of these elements are set forth, almost verbatim, in Defendant's statement of its cause of action.  Paragraph eighteen of the Counterclaim sets forth facts supporting the claim.  This may be an issue for summary judgment but not for a Rule 12(b)(6) motion.

Counterclaims X and XI – Invalidation of Copyright and Trademark Registrations for Fraud

The copyright cause of action sets forth the elements of the cause of action properly.  The allegations set forth that the authorship of the creative works were misrepresented.  Considering the heightened standard of pleading fraud, Defendant proposes to set forth with more detail the misrepresentations as to authorship and ownership of the creative works.  With respect to the trademark fraud allegation, all the elements are pled very clearly except for the "Intent to Deceive the PTO", which can be easily remedied.  At that time additional factual information extracted from the USPTO Affidavit and accompanying documents filed by the Plaintiffs can be referenced to more fully establish the basis for fraud.

The Affirmative Defenses are adequately pled.  Defendant proposes to file an Amended Counterclaim to add more specific details with respect to the copyright and trademark fraud claims.

Sincerely,

John W. Dozier, Jr., Esq.

JWDjr/lwc

cc:   Counsel of Record (via ECF)