**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRAGRANCENET.COM, INC.,
TELESCENTS, INC.

                      Plaintiffs,

            - against -

FRAGRANCEX.COM INC.,

                      Defendant.
-----------------------------------------------------------X

**ORDER**

CV 06-2225 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Currently pending before the Court is Defendant's letter motion requesting an Order allowing discovery on newly asserted claims and defenses. DE 194. Plaintiff filed opposition to the motion. DE 195. For the reasons set forth below, Defendant's motion is GRANTED.

      The initial Complaint in this action was filed in 2006. Between June 2007 and August 2009, the parties conducted discovery, which included a significant amount of motion practice before this Court. In August 2009, Judge Bianco stayed discovery pending Defendant's motion to dismiss Plaintiff's Third Amended Complaint. DE 133. The motion to dismiss was denied on January 14, 2010 and the discovery stay was lifted. DE 151. Subsequently, FragranceNet filed a Fourth Amended Complaint, which added Plaintiff Telescents, Inc. to the case. DE 153. Defendant then filed its Answer and Counterclaim to the Fourth Amended Complaint which raised a new counterclaim based on the invalidation of Plaintiffs' copyright registrations. DE 156. While this re-pleading was occurring, the Court set a telephone conference with the parties to discuss what discovery remained to be completed in this case. *See* Electronic Order dated January 15, 2010. After repeated adjournments, this Court cancelled the telephone

conference pending the outcome of Plaintiffs' anticipated motion to dismiss certain counterclaims and affirmative defenses asserted by the Defendant. *See* Electronic Order dated April 7, 2010. In sum, a review of the record indicates that no discovery has been conducted since the initial stay was imposed by Judge Bianco in August 2009. This means that no discovery was ever conducted on Plaintiffs' Fourth Amended Complaint or on Defendants' Answer to the Fourth Amended Complaint and Counterclaims. Considering that Judge Bianco's Order staying discovery was issued only twenty days after the filing of the Third Amended Complaint, it is unlikely that any discovery was conducted on that pleading. Additionally, it appears that no discovery has been conducted since Telescents, Inc. was added as a party to the litigation.

Plaintiffs argue that discovery is not warranted because Defendant's newly asserted counterclaims do not raise any factual issues that were not already relevant in this case prior to the discovery stay. While the Court recognizes that the newly asserted claims and defenses may raise issues that overlap with discovery that has already been conducted, the Court will not preclude a party from conducting discovery on an amended pleading that asserts new causes of action or defenses. This is in keeping with the broad scope of discovery contemplated by the Federal Rules of Civil Procedure. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *see also Apicella v. McNeil Labs.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975) (holding that the "right of litigants to discover and present relevant evidence in civil litigations is given great

weight in federal courts."). This is particularly true in light of the fact that a new party has been added to the case since discovery was conducted.

Plaintiffs do not cite any case law supporting their argument that the Court should disallow discovery on a newly asserted claim or defense where the newly asserted issue overlaps with issues that were previously raised in the pleadings. Instead, Plaintiff relies on this Court's Order of May 22, 2009, in which the Court stated that "Neither party is permitted to serve any further discovery demands." DE 100 at 5. However, as noted above, the landscape of the case has changed in the past two years, and the Court is within its discretion to reconsider its prior Order given the change in circumstances.

The parties are directed to serve any additional discovery demands by August 17, 2011. Such demands should be narrowly tailored to seek information relevant to the newly asserted claims and defenses or the newly added party. These discovery demands should not be duplicative or cumulative of prior discovery in this case. The responses are to be served by September 7, 2011. If an issue arises that requires Court intervention, the parties may file a letter motion to the Court after complying with their obligation to meet and confer under Local Rule 37.3. The deadlines set forth in the Fourth and Final Amended Case Management and Scheduling Order [DE 192] remain in effect.

**SO ORDERED.**

Dated: Central Islip, New York
August 8, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge